UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-02707-JLS-MAR　　　　　　　　　　　　Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
Not Present　　　　　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 34)**

Before the Court is a motion to dismiss and motion to strike filed by Defendant Tuft and Needle, LLC. (Mot., Doc. 34.) Plaintiff Emily Chebul opposed, and Defendant replied. (Opp., Doc. 40; Reply, Doc. 45.) The Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for October 11, 2024, at 10:30 a.m., is VACATED. For the reasons described below, Defendant's motion is GRANTED in part and DENIED in part.

I. **BACKGROUND**

Plaintiff initiated this putative class action against Defendant on April 4, 2024, and filed a First Amended Complaint ("FAC") on June 28, 2024. (Compl., Doc. 1; FAC, Doc. 27.) Defendant "manufactures, distributes, markets, and sells mattresses [and bedding products]… directly to consumers through its website, www.tuftandneedle.com." (FAC ¶ 20.) Defendant's website "lists purported regular prices and advertises purported discounts from those listed regular prices," which are depicted in "grey and/or strikethrough font." (*Id.* ¶ 9.) Some of those discounts are listed as being available for a "limited time only." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR                                      Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

On July 4, 2023, Plaintiff purchased a "Mint Mattress" on Defendant's website during one of those purported "limited time only" sales. (*Id.* ¶ 43.) Plaintiff received an email order confirmation stating that the Mint Mattress "had a regular price of $2095.00," but that she had "received a 'Savings' of $314.25 for a discounted price of $1780.75." (*Id.*) Plaintiff alleges that Defendant's "price and purported discount advertising is false," as Defendant's "discounts are routinely available" and so the advertised discounts "are not the true discount" customers receive. (*Id.* ¶ 10.) Plaintiff further alleges that had she "known that the [Mint Mattress] was not discounted as advertised," she would not have purchased the product. (*Id.* ¶ 45.)

Plaintiff now asserts the following eight claims: (1) violation of California's False Advertising Law ("FAL"), (2) violation of California's Consumer Legal Remedies Act ("CLRA"), (3) violation of California's Unfair Competition Law ("UCL"), (4) breach of contract, (5) breach of express warranty, (6) unjust enrichment, (7) negligent misrepresentation, and (8) intentional misrepresentation. (FAC ¶¶ 65–154.) Plaintiff seeks injunctive relief and equitable restitution for her FAL, UCL, and unjust enrichment claims; injunctive relief, equitable restitution, and damages for her CLRA claim; and damages for her breach of contract and breach of express warranty claims. (*Id.*) Plaintiff's claims for breach of contract, breach of express warranty, and unjust enrichment are brought on behalf of a nationwide class including "all persons who, within the applicable statute of limitations period, purchased one or more Tuft & Needle Products advertised at a discount on Defendant's website." (*Id.* ¶ 58.) The remaining claims are brought on behalf of a California subclass.

Defendant moved to dismiss in part and to strike Plaintiff's nationwide class claims for breach of express warranty and unjust enrichment. (*See generally* Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-02707-JLS-MAR | Date: October 09, 2024 |
| Title: Emily Chebul et al v. Tuft and Needle, LLC | |

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up).

### B. Rule 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As a general rule, motions to strike are disfavored. *Wein v. Kaiser*, 647 F.2d 200, 201 (D.C. Cir. 1981). "In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader." *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *3 (C.D. Cal. Mar. 8, 2018). Such a motion "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996). "Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977).

## III. ANALYSIS

Defendant advances two arguments in its motion. First, Defendant argues that Plaintiff's FAL, CLRA, UCL, and unjust enrichment claims must be dismissed insofar as they seek equitable restitution. Second, Defendant asks the Court to strike Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR                                                   Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

nationwide breach of express warranty and unjust enrichment claims. The Court addresses each argument in turn.

### A. Availability of Equitable Restitution

Defendant contends that Plaintiff has failed to plausibly allege that she lacks an adequate remedy at law, and so she cannot seek equitable restitution. (Mot. at 3–5.) As an initial matter, the Court notes that Defendant rightly does not contest Plaintiff's ability to pursue injunctive relief on any of her claims.[1] Hence, Defendant's motion would not—as it is required to—dispose of an entire claim, just one remedy. *See Kan v. Gen. Motors LLC*, 2023 WL 11197090, at *1 (C.D. Cal. Nov. 7, 2023) (Staton, J.) ("A 12(b)(6) motion must seek to dispose of an entire claim."); *see Hernandez v. Path*, 2012 WL 5194120, at *6 n.7 (N.D. Cal. Oct. 19, 2012) ("Federal Rule of Civil Procedure 12(b)(6) is not an appropriate device to eliminate a portion of a claim."); *Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) ("The Court is unaware . . . of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged."). Nonetheless, the Court exercises its discretion to treat Defendant's motion as a motion to strike Plaintiff's request for equitable restitution and consider its merits. *See Thompson,* 657 F.Supp.2d at 1129.

Defendant's argument rests primarily on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, (9th Cir. 2020). In *Sonner*, the plaintiff initially brought claims for equitable relief under the UCL and CLRA and for damages under the CLRA, but later strategically dismissed the CLRA claim to avoid a jury trial. *Id.* at 837. The plaintiff nevertheless

---

[1] Here, Plaintiff alleges that absent an injunction, she "is unable to rely on Defendant's advertising in the future, and so cannot purchase [p]roducts she would like to purchase." (FAC ¶ 57.) Because an "injunction would ensure that [Plaintiff] (and other consumers) can rely on [Defendant]'s representations in the future," damages would be an inadequate remedy for Plaintiff's future harm. *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR     Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

continued to seek the same amount of money "but as equitable restitution rather than damages." *Id.* The Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA," and that those principles require a plaintiff to "establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 841, 844. The panel went on to hold that the plaintiff failed to make such a showing because she did not "allege that [she] lack[ed] an adequate legal remedy," and "could not explain how the same amount of money for the exact same harm [was] inadequate or incomplete" to compensate for the alleged harms. *Id.* at 844.

Since *Sonner*, courts in this circuit have held that a plaintiff facing dismissal "must, at a minimum, *plead* that she lacks adequate remedies at law if she seeks equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis in original) (collecting cases). That is, plaintiffs must include substantive allegations in the complaint that "explain why money damages are not an adequate remedy." *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 769 (C.D. Cal. 2022).

Unlike in *Sonner*, Plaintiff has alleged that she "has no adequate remedy at law" and has set forth specific allegations as to why that is so. (FAC ¶¶ 53, 54.) The FAC alleges, for example, that Plaintiff's FAL claim—which is predicated on a specific statutory provision that prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past 90 days—can be proven by straightforward factual elements. (*Id.* ¶ 54; Opp. at 2.) In contrast, Plaintiff's CLRA claim requires proof of the subjective element that "members of the public are likely to be deceived." (*Id.*) The FAC further alleges that, to obtain a full refund as damages, Plaintiff would have to show that the product has "no market value," whereas that showing is not required for restitution. (FAC ¶ 55.) Numerous district courts applying *Sonner* have held these precise allegations sufficient to establish that remedies at law are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR                                     Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

inadequate at the pleadings stage. *See Murphy v. Olly Pub. Ben. Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. Jan. 17, 2023) (plaintiffs adequately showed restitution was more "certain" than damages where they alleged that "for a full refund, Plaintiffs would have to show that the product has no market value, while that showing is not required for restitution"); *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. July 26, 2021) (finding it sufficient for plaintiff to allege that she "'may be entitled to restitution under the UCL, while not entitled to damages under other causes of action,' which may impose more stringent elements that plaintiff may ultimately not be able to prove."); *see also Ostrovskaya v. St. John Knits, Inc.*, 2022 WL 2102895, *5 (C.D. Cal. Mar. 31, 2022).

      Defendant contends that those cases do not survive the Ninth Circuit's recent decision in *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022). The Court is unconvinced. In *Guzman,* the Ninth Circuit held that the plaintiff had an adequate remedy at law in his CLRA claim for damages, even though he could no longer pursue the claim because it was barred by the statute of limitations. *Id.* at 1313. Later, in *Clevenger v. Welch Food Inc.*, a district court read *Guzman* to stand for the broader proposition that an adequate remedy at law exists so long as the relief "could possibly be afforded under a claim" for damages. 2022 WL 18228288, at *5 (C.D. Cal. Dec. 14, 2022). Applying that logic, the district court in *Clevenger* concluded that "mere differences in proof" between claims for legal and equitable remedies do not render the legal remedy inadequate. *Id.* Defendant now urges the Court to reach that same conclusion.

      But this Court does not read *Guzman* so broadly. *Guzman* decided only that an adequate remedy at law is not made inadequate because it was not timely pursued by a plaintiff. In that respect, it is a straightforward application of *Sonner.* As the Court explained above, here, Plaintiff has alleged specific facts showing that equitable restitution is "more certain, prompt, or efficient" than the legal remedies available, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-02707-JLS-MAR | Date: October 09, 2024 |
| Title: Emily Chebul et al v. Tuft and Needle, LLC | |

that is enough to support Plaintiff's request for equitable restitution at this stage.[2] *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *see also Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937) ("A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient.").

Accordingly, Plaintiff has plausibly alleged that she lacks an adequate remedy at law to support her request for equitable restitution. Defendant's motion to dismiss—treated here as a motion to strike—is therefore DENIED.

### B. Motion to Strike Nationwide Class Allegations

Defendant also argues that Plaintiff's claims for breach of express warranty and unjust enrichment cannot be certified on a nationwide basis due to material differences among the applicable state laws. (Mot. at 11–13.) This argument relies principally on *Mazza v. American Honda Motor Co., Inc.,* in which the Ninth Circuit vacated a district court's certification of a nationwide class under California's consumer protection and unjust enrichment laws after conducting a choice-of-law analysis using California's three-step governmental interest test. 666 F.3d 581, 589–94 (9th Cir. 2012). Under that test, the defendant must show that the relevant laws of the affected jurisdictions are materially different. *Id.* at 589–90. Then, the defendant must show that the foreign jurisdictions have an "interest in the application of [their] own law under the circumstances of the particular case" such that "a true conflict exists." *Id.* at 590.

---

[2] Having concluded that the allegations described above establish that Plaintiff lacks an adequate legal remedy, the Court need not address Plaintiff's additional argument that damages are less "prompt and efficient" than equitable restitution because the former will require a "a jury trial [that] will take longer, and be more expensive, than a bench trial." (FAC ¶ 56.) Regardless, the Court finds this argument unavailing. *See Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *2 (N.D. Cal. Mar. 28, 2024) ("Those issues are generally applicable to all jury trials, so if such allegations were enough to establish the inadequacy of a legal remedy, *Sonner* and *Guzman*'s rule would be practically nullified.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR                                    Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

Finally, if there is a true conflict, the defendant must demonstrate that the foreign state's interests in the matter are stronger than California's such that the foreign state's interests "would be more impaired if [their] law[s] were not applied." *Id.* The Ninth Circuit concluded that "[b]ecause the law of multiple jurisdictions applies here to any nationwide class of purchasers or lessees … variances in state law overwhelm common issues and preclude predominance for a single nationwide class." *Id.* at 596.

     Plaintiff argues that Defendant's motion to strike the nationwide claims is premature as the parties have yet to develop a factual record. (Opp. at 9–12.) The Court recognizes that several district courts, including this one, have denied motions to strike class allegations as premature at the motion to dismiss stage. *See Barber v. Johnson & Johnson Co.*, 2017 WL 2903255 (C.D. Cal. Apr. 4, 2017) (Staton, J.) (concluding that it would be premature to decide whether the applicable state laws differ in ways that are material to class certification where "there has been no discovery and Defendants have yet filed an answer to the FAC"); *see also Fehrenbach v. Hewlett Packard Co.*, 2017 WL 11422106, at *6 (S.D. Cal. Jan. 5, 2017). But this Court has also previously recognized that district courts have routinely "applied [*Mazza*'s] principles at the motion to dismiss stage." *Barber*, 2017 WL 2903255 at *9 (collecting cases).

     Under the particular circumstances here, it would make little sense to wait until class certification proceedings to assess the viability of Plaintiff's nationwide breach of express warranty and unjust enrichment claims. Unlike in *Barber*, Plaintiff has not even identified which state laws govern her express warranty and unjust enrichment claims— which alone is a ground for dismissal. *See Kavehrad v. Vizio, Inc.* 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (dismissing plaintiffs' common law claims for "failure to allege which state law governs [those] claims"). Moreover, this case presents "the extreme situation in which a single plaintiff seeks to certify one entire nationwide class involving 50 different state laws, not, *e.g.*, a subset of states grouped into discrete subclasses." *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *8 (N.D. Cal. June 2,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR     Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

2021) (striking plaintiff's nationwide claims for unjust enrichment and breach of express warranty under *Mazza*).

As the Ninth Circuit recognized in *Mazza*, "[t]he elements necessary to establish a claim for unjust enrichment … vary materially from state to state." 666 F.3d at 591. It also held that when sales take place in different jurisdictions, "each state has a strong interest in applying its own consumer protection laws to those transactions." *Id.* at 492. And lastly, the Ninth Circuit held that "California's interest in applying its law to residents of foreign states is attenuated" compared to foreign states' "strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state." *Id.* at 594. Thus, each class member's unjust enrichment claim "should be governed by the consumer protection laws of the jurisdiction in which the transaction took place," and so the "variances in state law would overwhelm common issues and preclude predominance for a single nationwide class." *Id.* at 596. Similarly, several district courts in this circuit have held that *Mazza* precludes certification of a nationwide class for breach of express warranty claims. *See Amavizca v. Nuta Mfg., LLC,* 2021 WL 682113, at *11 (C.D. Cal. Jan. 27, 2021) (denying plaintiff's motion to certify a nationwide class for breach of warranty and unjust enrichment claims because the laws of all 50 states would apply and plaintiff "failed to meet his burden to establish predominance and demonstrate a suitable and realistic plan for trial"); *see also Tsonev v. Kia Motors Am., Inc.*, 2016 WL 10000244, at *5 (C.D. Cal. Nov. 9, 2016); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385859, at *11 (N.D. Cal. Aug. 15, 2016).

Plaintiff argues that the Court should wait until discovery and class certification to assess this issue because *Mazza* "depended heavily on a detailed choice-of-law analysis that compared how various [state] laws applied to the specific facts of the claims in that case." (Opp. at 10 (quoting *Fehrenbach v. Hewlett Packard Co.*, 2017 WL 11422106, at *6 (S.D. Cal. Jan. 5, 2017)).) But Plaintiff has not offered any explanation as to how class discovery would alter the outcome of the *Mazza* analysis here. *See Jackson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-02707-JLS-MAR Date: October 09, 2024
Title: Emily Chebul et al v. Tuft and Needle, LLC

*Suzuki Motor of America, Inc.*, 2024 WL 391466, at *8 (C.D. Cal. July 9, 2024) (striking nationwide class allegations related to unjust enrichment claim where plaintiffs "fail[ed] to explain how any factual development could impact the choice-of-law analysis here"); *see also Hageman v. Hyundai Motor America*, 2024 WL 694378, at *4 (C.D. Cal. Jan. 5, 2024) (similar). In accordance with *Mazza*, the Court finds it appropriate to strike Plaintiff's nationwide class claims for breach of express warranty and unjust enrichment.

**IV. CONCLUSION**

 For the foregoing reasons, the Court DENIES the motion to dismiss Plaintiff's request for equitable restitution and GRANTS the motion to strike Plaintiff's nationwide breach of express warranty and unjust enrichment class allegations.

 If Plaintiff decides to amend, any amended complaint must be filed within **fourteen days** of the issuance of this Order. No new claims may be added, and any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

 Initials of Deputy Clerk: kd